UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH LUPACCHINO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 3:02 CV 2281 (MRK) |
| | : | |
| v. | : | |
| | : | |
| ADP, INC. a/k/a AUTOMATIC DATA PROCESSING, INC. | : | |
| | : | |
| Defendant. | : | June 4, 2004 |
| | : | |

## MOTION FOR SUMMARY JUDGMENT

The Defendant, ADP, Inc., respectfully requests that this Court, pursuant to Fed. R. Civ. Proc. 56, and Local Rules 7 and 56, enter summary judgment in its favor as to each and every cause of action contained in the Complaint of Elizabeth Lupacchino ("Plaintiff"), a former District Manager employed in its Windsor, Connecticut facility from June of 1999 until she was deemed to have resigned from the Company in February of 2002.

In Counts One and Four of her Complaint, Plaintiff alleges that ADP maintained a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Connecticut Fair Employment Practices Act, C.G.S. §§ 46a-60, (the "CFEPA"). Plaintiff also claims in Counts Two and Five that she was retaliated against and constructively discharged in violation of both federal and state law. Finally, Plaintiff has brought separate causes of action in Counts Three and Six for constructive discharge.

As more fully set forth below, Plaintiff's claims for sexual harassment are based on a few isolated incidents that can, at best, be described as inappropriate. There is a dearth of evidence from

which a fair-minded juror could conclude that the acts of which Plaintiff complains were gender-based, a requisite element of an actionable claim for sexual harassment. Moreover, the conduct alleged by Plaintiff to have constituted harassment was neither sufficiently severe nor pervasive to give rise to an actionable hostile environment claim.

In any event, liability may not be imputed to ADP, even if an actionable hostile environment claim is established. First, Plaintiff cannot establish a tangible employment action was taken in connection with her internal complaints. Moreover, it is undisputed that once ADP learned of the alleged misbehavior, it immediately spoke with the supervisor accused and took prompt, remedial action which included transferring reporting responsibility from this supervisor to another member of management. Then, by simply going on leave, and refusing to return to work after that transfer, and even after the supervisor's ultimate departure from the Company, Plaintiff failed to reasonably take advantage of this remedial action. Consequently, under the principles established by the Courts in (cites to Faragher and Ellerth), even if the Court finds there to have been an actionable, hostile environment, there would nevertheless be no basis for imputing liability to ADP.

As to her retaliation claims, it is undisputed that Plaintiff failed to establish that she engaged in protected activity; that she was subjected to an adverse employment action; or that there was any connection between the determination of job abandonment and the proclaimed protected activity. Even assuming that Plaintiff could establish a prima facie case of retaliation, ADP has proffered a legitimate, non-discriminatory reason for its decision regarding Plaintiff's employment – i.e., that she was deemed to have abandoned her job, an act akin to resignation. Plaintiff cannot prove pretext in

2

connection with these articulated reasons given her own, undisputed conduct as reflected by the record.

Plaintiff's claims of constructive discharge are equally without merit. The record is clear that Plaintiff voluntarily abandoned her employment, and even treating Plaintiff's complaints cumulatively, Plaintiff has not proffered sufficient evidence to establish that ADP intentionally created an intolerable working environment or that a reasonable person in her position would have felt compelled to resign.

Finally, in the alternative, if this Court were to find that Plaintiff has raised a material issue of fact with respect to any of her causes of action, Defendant respectfully contends, in the alternative, that Plaintiff be deemed ineligible to demand front-pay at a trial of this action, and further, limit her potential back pay recovery to the period between her discharge (March 29, 2002) and the date that ADP discovered that she was working full-time at another company (June 4, 2003). Specifically, while she was on a purported FMLA-qualified medical leave, and while advising her psychologist she had no intent to return to ADP, Plaintiff was working full-time with another employer. At the same time, she continued to collect her full salary and benefits from ADP, knowing such compensation was being continued solely due to her misrepresentation that she was ill and unable to work.

**WHEREFORE,** for the foregoing reasons, and for those reasons set forth in the accompanying Memorandum of Law, Undisputed Statement of Facts, and the Affidavits and Exhibits thereto, the Defendant respectfully requests that this Motion be granted in its entirety.

                                    **THE DEFENDANT,**
                                    **ADP, INC.**


**BY**:_____
      Mary A. Gambardella, Esq.
      Federal Bar No. ct05386
      **EPSTEIN BECKER & GREEN, P.C.**
      One Landmark Square, Suite 1800
      Stamford, CT  06901-2681
      (203) 348-3737

                - and –

      Steven J. Younes, Esq.
      Federal Bar No. ct12408
      **EPSTEIN BECKER & GREEN, P.C.**
      One Landmark Square, Suite 1800
      Stamford, CT  06901-2681
      (203) 348-3737

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing Motion For Summary Judgment was sent via first class mail, postage prepaid, this 4th day of June, 2004 to counsel of record for the plaintiff as follows:

> James H. Howard, Esq.
> Phelon, FitzGerald & Wood, P.C.
> 773 Main Street
> Manchester, CT  06040

_____
Mary A. Gambardella